**S. J. GROVES & SONS COMPANY, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Ray Marshall, Secretary of Labor, Respondents.**

No. 786 Docket No. 80–4201.

United States Court of Appeals, Second Circuit.

Argued March 20, 1981.

Decided May 1, 1981.

Brian M. Cole, Syracuse, N. Y. (Bryant, O'Dell & Basso, Syracuse, N. Y., on the brief), for petitioner.

Judith N. Macaluso, Atty., U.S. Dept. of Labor, Washington, D.C. (Alfred G. Albert, Acting Sol., Benjamin W. Mintz, Assoc. Sol.

for Occupational Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, D.C., on the brief), for respondents.

Before LUMBARD and NEWMAN, Circuit Judges, and METZNER,* District Judge.

CHARLES M. METZNER, District Judge:

S. J. Groves & Sons Co. (Groves) petitions for review of an Occupational Safety and Health Review Commission (OSHRC) order holding the company in violation of 29 C.F.R. § 1926.602(a)(9)(i), a safety-standard promulgated under the Occupational Safety and Health Act of 1970 (Act). This regulation requires that all "bidirectional machines" have operational horns. 29 U.S C. §§ 659–78. Following a fatal accident at petitioner's work site involving an earth-moving machine known as an "earth scraper," an OSHA inspection revealed that the horn on the earth scraper was not working that day.[1] A citation was issued by the Compliance Safety and Health Officer alleging a "serious violation"[2] of the regulation, and assessing a $720 fine. Groves contested the citation, arguing that an earth scraper is not a "bidirectional machine" within the cited regulation.

Section 1926.602(a) of OSHA's Safety and Health Regulations for construction covers earthmoving equipment, and specifically lists scrapers as one type of equipment to which the section applies. Subsection (a)(9) establishes standards for the use of audible alarms on earthmoving equipment. A horn is required, under subsection (a)(9)(i), on "all bidirectional machines, such as rollers, compactors, front-end loaders, bulldozers, and similar equipment." These machines all perform their function in either gear, change directions frequently, have a shuttle-shift transmission that permits change

of direction without a complete halt, and have an unobstructed view to the rear. The earth scraper can perform its function only in forward gear, changes direction only rarely, must come to a complete halt before it can shift into reverse, and has an obstructed rear view.

These facts were presented at a hearing before an Administrative Law Judge (ALJ). Upon motion of the Department of Labor, the violation was reduced from "serious" to "nonserious" and the fine reduced from $720 to zero. In a written decision following the hearing, the ALJ dismissed the citation. He held that:

"A reverse gear on a scraper is not enough to classify it as a bidirectional machine.... Thus, it is not one of the 'bidirectional machines such as rollers, compactors, front-end loaders, bulldozers, and similar equipment' ... which are as likely to be moving in reverse as going forward in performing their normal functions and must have a horn to be sounded as needed."

The ALJ also pointed out that although Section 1926.602(a) refers generally to earthmoving equipment which includes scrapers, subsection (a)(9)(i) in particularizing the type of earthmoving equipment covered, does not include scrapers.

The OSHRC reversed the ALJ and remanded for reconsideration in light of a recent OSHRC decision holding that "a bidirectional machine is one which can move in either forward or reverse," and that therefore an earth scraper is a bidirectional machine to which the standard applies. *Brown & Root, Inc.*, 7 BNA OSHC 1215 (OSHRC 1979).

After a second hearing the ALJ reaffirmed his initial ruling. He based his decision on the meaning of the term "bidirectional machine" in the highway construc-

---

1. At an administrative hearing, the Compliance Safety and Health Officer stated that the inoperable horn was not a cause of the accident.

2. A serious violation exists "if there is a substantial probability that death or serious physical harm could result ...." 29 U.S.C. § 666(k) (1970).

tion industry: an earthmoving machine which can perform the function for which it was designed in either direction, and which has an unobstructed view to the rear. The ALJ declined to follow OSHRC's decision in *Brown & Root*, as that case gave only minimal consideration to industry meaning.

The ALJ noted that his conclusion in no way impeded the goal of a safe workplace under the Act. He referred to subsection (a)(9)(ii), which was not used to charge the petitioner with a violation, and which requires that an earth scraper have an alarm or single-person when moving in reverse; when moving forward the scraper has the right of way.

OSHRC again reversed the ALJ and affirmed a nonserious violation of the standard, assessing no penalty.[3]

█ The court's role in reviewing an order of OSHRC is to decide whether the Commission's interpretation of the regulation is unreasonable and inconsistent with its purpose. *General Electric Company v. OSHRC*, 583 F.2d 61, 64 (2d Cir. 1978); *Brennan v. OSHRC and Gerosa, Inc.*, 491 F.2d 1340, 1344 (2d Cir. 1974).

█ OSHRC's interpretation of the standard is unreasonable and not supported by the evidence. It is clear that rollers, compactors, front-end loaders and bulldozers differ from earth scrapers in the manner of operation. Furthermore, the Secretary's reliance on a dictionary definition to assert that a machine must merely be able to move in two directions to be "bidirectional" is contrary to common sense. All earthmoving machines have at least one reverse gear. If subsection (a)(9)(i) was intended to cover all earthmoving equipment, the particularization of types of equipment in that subsection was unnecessary. The existence of the subcategory in (a)(9)(i) must be given effect.

Principles of statutory interpretation, industry practice and common sense require reversal of the Commission's order.

The final order of the Occupational Safety and Health Review Commission affirming a violation of 29 C.F.R. § 1926.-602(a)(9)(i) is reversed and remanded for entry of an order vacating the citation and complaint.

---

3. Groves was not permitted to file a brief before this final OSHRC review. This comports with OSHRC regulations, and does not rise to the level of a due process violation. *See Accu-Namics, Inc. v. OSHRC*, 515 F.2d 828 (5th Cir. 1975). However, the Department of Labor, of its own accord, outlined its legal position in a letter to OSHRC and elected to rely on its Petition for Discretionary Review in lieu of submitting a brief. In light of this, OSHRC should have granted petitioner's request to file a brief.